FILED

2020 Mar-09  PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DINO SAINTANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: |
| | ) | CV-20 |
| | ) | JURY DEMAND |
| DIVERSICARE OF BIG | ) | |
| SPRINGS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff Dino Saintange ("Saintange"), by and through his undersigned counsel, and hereby files this lawsuit against Defendant Diversicare of Big Springs ("Diversicare") for discrimination on the basis of religion and retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e) *et seq.*, as amended ("Title VII"), Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Saintange who has been adversely affected by such practices.

### JURISDICTION AND VENUE

1.      This is an action alleging religious discrimination and retaliation arising

1

under §701(j) of Title VII, 42 U.S.C. §§ 2000(e)(j) and 42 U.S.C. 2000(e)(2)(a). This Court has jurisdiction of Saintange's Title VII claims under 28 U.S.C. §1331 because this claim is a civil action arising under the laws of the United States. This Court also has jurisdiction of Saintange's Title VII claims under 28 U.S.C. §1343(a)(4) because it is an action to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

2.     Saintange seeks declaratory and injunctive relief, back pay and benefits, compensatory and punitive damages, prejudgment interest, equitable relief in the form of reinstatement or front pay and benefits, attorneys' fees and costs, and any other relief to which he is entitled by law.

3.     This action presents a federal question, and is authorized and instituted pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

4.     Venue is appropriate in the Northern District of Alabama under 28 U.S.C. §1391(b) because defendant is deemed to reside in this district under 28 U.S.C. §1391(c) and because the events giving rise to Saintange's claims occurred in this district.

5.     Saintange filed timely charges of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) on or about November 19, 2019.

6.     Saintange received a Notice of Right to Sue dated December 4, 2019, on or after December 7, 2019, and this action is being filed within 90 days of his receipt of the Notice of Right to Sue.

7.     Saintange has exhausted all administrative remedies on the claims brought prior to filing this lawsuit.

8.     All other conditions precedent to the commencement and maintenance of this action have been satisfied or waived.

**PARTIES**

9.     Dino Saintange is a citizen, resident, and domicile of Huntsville, Madison County, Alabama.

10.    Defendant Diversicare of Big Springs, is a corporation doing business in the state of Alabama.  Defendant is an "employer" as defined by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b), Defendant employs more than 500 employees in total.

**FACTUAL ALLEGATIONS**

11.    Saintange was first employed by Defendant in 2016 as a CNA.

12.    However, prior to going for work for the Defendant, Saintange worked for Huntsville Health and Rehab under the supervision of Becca Smith.  At Huntsville Health and Rehab, Plaintiff filed an EEOC charge in 2014 alleging religious

3

discrimination.

13.     Plaintiff is a practicing member of the Seventh-Day Adventist faith.  As a Seventh-Day Adventist, Plaintiff strictly observed the Sabbath from sundown on Friday, until sundown on Saturday.

14.     In February 2019, there was a promotion for a full time employees with Defendant.  At the time, Plaintiff was PRN.

15.     On February 29, 2019, Plaintiff asked Rebecca Smith (Administrator) for a full time position that would accommodate his religion so he could observe the Sabbath on  Friday evenings and Saturdays while being excluded from 1st shift as well.

16.     Smith, who had previously worked with the Plaintiff, inquired if the plaintiff was a Seventh-Day Adventist and, upon his confirmation, she informed the plaintiff his request was denied.  In addition, Smith stated that Plaintiff's religion excluded him from seeking promotional opportunities.  Smith went on to state to Plaintiff "we don't do special days for full time employees."

17.     That same day, February 19, 2019, Smith then sent Plaintiff to speak with Robin LNU in Human Resources, who confirmed Smith's earlier statements and positions regarding Plaintiff's religion.

18.     Subsequently, that same week, Plaintiff called HR to report his religion

discrimination.  He was told he would receive a call back and never did.

19.    Robin from HR tried to cover up the previous incident about Plaintiff going full time after she and Smith denied his previous request.    Robin called Plaintiff into her office and asked him about his request to go full-time.  Plaintiff reminder her of their conversation on February 19, 2019, which Robin claimed to have no knowledge of and told Plaintiff "he must have spoken with someone else." This was not true.

20.    On March 15, 2019, a temporary DON from corporate, Jennifer, asked to speak with the Plaintiff.  Jennifer also asked Kendra (RN/Educator) to witness the conversation with Plaintiff as she "need[ed] a witness for this one here."  Jennifer aggressively questioned the plaintiff about coming to work and not officially being on the schedule.  Plaintiff told Jennifer that he had been asked by the staffing coordinator the day before to come in that day (March 15, 2019).

21.    Plaintiff was intimidated by this exchange and ultimately was forced to find another job that would accommodate his religious beliefs.

## COUNT I
## LIABILITY UNDER TITLE VII FOR RELIGIOUS DISCRIMINATION - DISPARATE TREATMENT-PRETEXT

22.    Saintange adopts and incorporates by reference the allegations contained in Paragraphs 1-21 of this Complaint.

23.    Defendant has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(j) and 2000e-2(a), as amended, by engaging in intentional discrimination against Saintange on account of his religion.

24.    Specifically, Defendant intentionally discriminated against Saintange by not promoting him to full time because of his religion, including his sincerely held religious belief prohibiting him from working Friday evening to sundown Saturday because it was his Sabbath.

25.    The effect of Defendant's discrimination against Saintange was to deprive him of equal employment opportunities, including, but not limited to, promotions, job/work assignments, pay and otherwise adversely affecting his status as an employee because of his religion and sincerely held religious beliefs, in violation of Title VII.

26.    Defendant acted with malice and reckless indifference to Saintange's federally protected rights in discriminating against Saintange because of his religious beliefs in violation of Title VII.

27.    As a result of Defendant's unlawful actions, Saintange has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional

distress and related damages.

## COUNT II
## LIABILITY UNDER TITLE VII FOR RETALIATION

28.     Saintange re-adopts and incorporates by reference the allegations contained in Paragraphs 1-27 of this Complaint.

29.     Defendant has willfully violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a), as amended, by retaliating  against Saintange for asserting his rights.

30.     Specifically, Saintange filed a previous charge of discrimination at his previous employment where Rebecca Smith was his supervisor.  Ms. Smith made the decisions regarding Plaintiff's request for  full-time employment along with accommodating his religion.

31.     As a result of Defendant's unlawful actions, Saintange has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

32.     Defendant acted with malice and reckless indifference to Saintange's federally protected rights.

## DEMAND FOR TRIAL BY JURY & PRAYER FOR RELIEF

WHEREFORE, premises considered, Saintange prays for the following relief:

1.    For judgment against Defendant under Counts I and II for lost wages, compensation and other employment benefits caused by defendant's unlawful actions;

2.    For judgment against Defendant under Counts I and II for compensatory damages for emotional distress, embarrassment and humiliation, loss of dignity, damage to his reputation, and related damages in an amount to be determined by the jury;

3.    For judgment against Defendant under Counts I and II for punitive damages in an amount to be determined by the jury;

4.    For judgment declaring that the Defendant's acts and practices complained of are in violation of Title VII;

5.    For judgment enjoining and permanently restraining these violations;

6.    For judgment directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated, including:

(a)    Adopting and promulgating to its applicants and employees a policy for religious accommodation consistent with Title VII;

(b)    Training its Human Resources, management personal and all similar

persons on defendant's religious accommodation policy and the requirements of Title VII with regard to religious discrimination;

7.     For reinstatement or in the alternative, for front pay;

8.     For prejudgment and post-judgment interest;

9.     For reasonable attorney's fees, expert witness fees, litigation expenses and costs in accordance with applicable law, including 42 U.S.C. §2000e-5(g) and 42 U.S.C. §1988(b);

10.     For such other relief as Saintange may be entitled to under the premises.

**Respectfully submitted this 6ᵗʰ day of March 2019.**

Respectfully submitted,

_____
Kevin W. Jent
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
        FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
205/314-0500

9

**Defendant's Addresses:**
To Be Served by Certified Mail

      Diversicare of Big Springs
      500 St. Clair Avenue SW
      Huntsville, Alabama 35810